Brinkerhoff, C.J.
The plaintiff brought his action in the court of common pleas to recover the possession of real property. The petition described the land and contained simply the allegations of fact which the 558th section of the code of civil procedure declares shall be sufficient.
The defendant answered; and as a first defence, denies generally all the allegations of the petition. But this defence was subsequently, and by leave of the court, withdrawn. As-a second defence the defendant denies that the plaintiff is-entitled to the possession of the premises in controversy, by reason of a state of facts which she proceeds to set out, and which are in substance these: That the plaintiff derives his-legal title to the premises by deed of conveyance from one Thomas Jones, a brother of the defendant. That Jones purchased the premises at her request, and for her use during her lifetime, and advanced the purchase-money therefor; but with the distinct understanding and agreement that he should hold the legal title in trust for her use until he should be repaid his advances on the purchase-money. That she immediately took possession of the premises under this agreement, has made improvements thereon, and repaid to her brother a portion of the purchase-money advanced by him. That while she was thus in possession, the plaintiff, by falsely and fraudulently representing to her brother that she had consented to a sale of the premises, effected a purchase thereof in fraud of her rights. She sets up these facts by way of equitable defence and cross-petition, and prays affirmative action by the court in her behalf.
*81 The plaintiff replied taking issue on the facts alleged in the answer.
Jones was not made a party to the action.
The case was tried to a jury, resulting in a verdict and judgment for the defendant. The plaintiff took a second trial, in which a jury was waived, and judgment was again given for the defendant. The judgment was simply that she go lienee without day and recover her costs. The plaintiff perfected an appeal to the district court; the defendant moved to dismiss the appeal, and that motion was reserved for decision here;
The issue made by the parties in their pleadings was as to the right of possession. The plaintiff claimed it on the ground of his legal title. The defendant set up an equitable defence, which, under the code of civil procedure (sec. 93), she might well do. The action was for the recovery of specific real property. An issue of fact was made in the. case, and either party had a right to have the issue tried by a jury. Code, sec. 263.
The facts that the defence was an equitable one, and that the defendant prayed affirmative action by the court in her behalf, do not alter the case. The plaintiff was entitled to a second trial in the common pleas, and he had it; but he was not entitled to an appeal. S. & C. Stat. 1157, sec. 294.

Appeal dismissed.

Soott, Welch, White, and Day, JJ., concurred.